UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KENNETH OSMAN,

        Plaintiff,       **ORDER**
                      CV 05-1745 (LDW) (ARL)
  -against-

WEST BABYLON FIRE DISTRICT, et al.,

        Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

  By letter dated September 19, 2006, the plaintiff seeks an order pursuant to Federal Rules of Civil Procedure 30(a)(2) and 37(a) compelling the defendants to produce four members of Engine Company #2 ("the Company") of the West Babylon Volunteer Fire Department ("the Department") for deposition.[1] Defendants have refused to produce these individuals because the plaintiff has already deposed eleven individuals, citing the limitation of ten depositions per side set forth in Rule 30(a)(2). For the reasons that follow, the application is granted.

  Plaintiff's complaint alleges, *inter alia*, that the defendants violated his constitutional rights in violation 42 U.S.C. §§ 1983 and 1985 in connection with the Department's denial of his application for a transfer from the Department's Rescue Unit to the Company. By order dated October 26, 2005, the undersigned entered a pretrial scheduling order that set May 10, 2006 as the deadline for the completion of all discovery. Shortly before the deadline, the plaintiff sought a two-month extension and the defendants opposed that request. Following argument on May 19, 2006, the court extended the deadline to July 10, 2006. On the eve of the July 10th deadline, the parties jointly requested that the deadline be extended through September 10, 2006. This application was granted by order dated July 7, 2006. The instant application followed.

  Federal Rule of Civil Procedure 30(a)(2) provides that "A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if, . . . without the written stipulation of the parties, (A) a proposed deposition would result in more than ten depositions being taken . . . by the plaintiffs or by the defendants. . . ." Thus, an application to take more than ten depositions should granted so long as the discovery sought by the additional depositions is not "(i) unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . ." Rule

---

[1]The court notes that while the plaintiff had initially noticed thirteen depositions, he has moved to compel the depositions of only four of those individuals.

26(b)(2).

Here, the plaintiff has identified the individuals who have already been deposed and contends that the depositions now sought would not be cumulative. In support of this claim, the plaintiff explains that none of the people already deposed were new members of the Company who voted on the plaintiff's transfer application and who had not served with the plaintiff during his prior tenure with the Company. Thus, the plaintiff contends that these individuals will reveal information that is not cumulative, duplicative or obtainable from other sources. The defendants do not disagree. While the court is troubled by the plaintiff's unexplained pursuit of this discovery on the eve of the discovery deadline given the fact that the depositions were noticed on May 10, 2006, the court finds that the discovery sought is consistent with the principles stated in Rule 26(b)(2). Thus, the plaintiff may depose Philip Canfora, Sr., Ryan Storz, Fabrizio Picittelli and Rueben Jump on a mutually agreeable date not later than October 17, 2006.

Dated: Central Islip, New York
October 3, 2006

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge